## Sol Finkel, Defendant in Error, v. Samuel Springer, Plaintiff in Error.

### Gen. No. 21,527.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

### Statement of the Case.

Action by Sol Finkel, plaintiff, against Samuel Springer, defendent, for one hundred and fifty dollars loaned by plaintiff to defendant. From a finding and judgment for one hundred and fifty dollars in favor of plaintiff, defendant brings error.

Plaintiff claimed to have loaned defendant one hundred and fifty dollars with which to pay money that defendant lost at gambling. Defendant invoked Rev. St., ch. 38, sec. 131 (J. & A. ¶ 3734) as a defense. It was not contended that the one hundred and fifty dollars loaned, or any part of it, was paid to plaintiff as money won by him from defendant at the gambling game of poker or any other gambling game of cards. It seemed, however, that plaintiff and defendant and five other men were playing poker at plaintiff's house and that defendant lost one hundred and ninety dollars, and having only forty dollars with him, at the conclusion of the game borrowed the one hundred and fifty dollars from plaintiff and paid it, together with the forty dollars he had with him, to the persons who had won various amounts of money from him.

LEON A. BEREZNIAK, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. GAMING, § 43*—*when evidence sufficient to sustain finding that plaintiff loaned money to defendant to pay gaming debts.* In an action for money loaned to a gambler to pay gaming debts, where two witnesses corroborated plaintiff's account of the transaction and defendant's testimony was not supported by any other witness, *held* that the issues were properly found for the plaintiff.

2. GAMING, § 19*—*when person loaning money to gambler to pay gaming debts may recover amount of loan.* Where one person loans another a sum of money after the playing of a poker game is concluded, for the purpose of paying the persons who had won from the latter in such game, but does not participate in the game, he may recover such money in an action therefor, and it is immaterial that the lender may have knowledge of the purpose for which the money is borrowed, and that it is to be disbursed to pay gaming debts.

3. GAMING, § 19*—*when gaming statute may not be invoked as defense to action for money loaned to gambler.* Rev. St., ch. 38, sec. 31 (J. & A. ¶ 3734), cannot be invoked as a complete defense in an action to recover money loaned to pay gambling debts, unless plaintiff has received some part of the money loaned back again as money that he had won from defendant in the gambling transaction.

4. CONTRACTS, § 125*—*when obligation indirectly connected with illegal transaction enforceable.* An obligation will be enforced, though indirectly connected with an illegal transaction, if it is supported by an independent consideration so that the plaintiff does not require the aid of the illegal transaction to make out his case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.